United States against Najjar Mr. Hillis, you begin your saga, your odyssey this morning. Saving a lot on travel expenses. And we're starting off with five issues in this case that we bring on the appeal. My name is Daniel Hillis. I represent Mr. Najjar, counsel, and may it please the court. First, by imposing a sophisticated means enhancement, the district court erred. The sophisticated means enhancement refers to especially and requires especially complex offense conduct. There was no especially complex offense conduct here. The type of conduct was ordinary for the type of offense. In particular, when determining the applicability of the enhancement, courts looked to whether assets were hid, whether fictitious entities were used. Those things were not present here. And that's strong indicia that the enhancement was incorrectly applied. Even under the cases of the government sites, Fife, Cottony, O'Doherty, hidden assets are required for the most part. It's among the things that the application note talks about and I think that it is dispositive here. If those hiding of assets and the fictitious use or the use of fictitious entities is present, government's on strong grounds. But when those things are absent, the grounds evaporate, and such is the case here. So that's the first issue. The court doesn't have questions. We have offshore escrow services, right? I'm not exactly sure what that is. But it sounds like a way to make it harder for the government to track down transactions. And then we've got the unreported checks in amounts smaller than $10,000. Also, the government's on strong grounds, so intended to make it harder to trace, right? I don't think so, Your Honor. We have an offshore account in his own name, easily found if the government does a record search. And it's because that's where the escrow service was. It wasn't a deliberate means to hide something like a Swiss bank account that's unnamed, unnumbered, and very difficult to subpoena and get information about. So that's one part of it. Where was this one? I think it was in the Caymans, Your Honor. But some climates, that's nicer than ours in any event. It wasn't in Switzerland. It wasn't a hidden, it wasn't a hidden account. The receipt of- Apropos of nothing, where the hell was he all that time? I beg your pardon? Say, apropos of nothing, where was he all that time? He was in Syria for the better- All the time? Oh, no, no. When he was engaged in the offense conduct, he was in the Chicago metropolitan area. And the receipt of the money and the amounts that it was, the government throughout his brief refers to that as structuring. He wasn't charged with structuring. He was, I understand it, following the orders of his employer to receive the assets in the amounts that the employer told him to receive and draw from that what you will. But that is very different than a structuring offense that's proven by the government. That never happened here. As for the second issue, Mr. Indujar was convicted of a Title 26 offense. And so restitution cannot be ordered for Title 26 offenses under Section 3663A or 3664. And by ordering restitution to be paid pursuant to 3663A, as is clear from the judgment, and that's at appendix page 51, it's also referenced in the PSR at paragraph 5, restitution was improperly ordered under this court's Hassebrock case. So there should be modification or reformation on that provision. Does that mean anything more than a clerical adjustment to cite, I think, 3663C agreement to pay restitution since he agreed to pay restitution and use that as a factor in mitigation? He still agrees to pay restitution, but I don't know that that is the appropriate vehicle to make the change. And we responded to that in our reply brief. I think that Rule 36 is for clerical errors, essentially. And that's not what this is. This is a substantive provision of the plea agreement that needs to be changed to reflect what the law requires. Which requires a correct citation? It requires that the restitution cannot be imposed under 3663A. It would be, I'm sorry? How about the modification that the restitution is under 3663C? Agreement. An agreement by the parties, I think, would take care of that. And if this case is to be remanded, I expect my client would agree to that, Your Honor. Third, the district court erred by imposing two years of supervised release. 3624E prohibits judges from imposing consecutive terms of supervised release. The government concedes that this was done. Does your client know that among the things that might happen if we remand to take out that year is that the district judge will increase the sentence of imprisonment? Yes. He's also aware that this will be a full re-sentencing and the sentence could be lowered. He has no alternative but to take that risk because we're asking for a separate... His alternative is not to raise this point. He is going to be agreeing to pay restitution, which I understand is the principal reason... Look, I'm not going to cross-examine you, I just wanted to make sure that he knew that things could get worse for him. Always in a re-sentencing, things can change for the better or the worse or stay the same. He's aware... And I know that. I wanted to make sure that Najjar knows that. Yes. Okay. It is not a means of a simple correction, however, and so full re-sentencing would be required under Downs. Fourth, the district court erred and violated the Fifth Amendment when it used my client's basis for imposing sentence. The judge essentially considered the lack of cooperation and the silence to be aggravating factors in imposing the sentence that it did and the judge is not allowed to do that. And it was clear on pages 27 through 29 of the appendix that the judge was doing exactly that. What do you... Where a defendant is arguing, I'm a changed man, I'm humbled, I'm going to go straight, but I'm not going to tell you where my money is. Is that, or I'm not going to be forthcoming about the details of what I've been doing the last 14 or 11 years and can the judge consider that?  The judge can consider... At all? No. Because it's... He has to take the defendant at his word? No. The judge can say what has come across is a failure to express any remorse. Remorse is an essential or very important consideration for the court to make as part of imposing sentence. However, judge, my client, given the opportunity, knowing how this played out, I think will take the opportunity to allocate about the existence or non-existence of any assets. This judge thought that my client was living the high life because of this various travel that he undertook. He was a couple hundred dollars to the tune of maybe $1,100 cumulatively in airfare for these trips while he's living abroad. I don't think that he has any assets, but he can have that opportunity to explain and he should be given it now that we see the judge penalized him for not explaining it. What do you think a judge can and cannot do in dealing with this question of remorse and being forthcoming about one's criminal conduct and so on without violating the Fifth Amendment? The judge needs to be clear that he is taking the silence as a failure to express remorse and he's not drawing adverse inferences from it on the topics that are expressly noted here about lack of cooperation. My client has a right to cooperate or not. Cooperation is a dangerous game. It's a fine line. When I was sentencing people, I'm sorry came out pretty easily. Details that might implicate others, details that might make it easier to collect on fines, penalties, restitution, and so on might not have come out so easily. The link between remorse and being forthcoming is a pretty tight one. Yes, but far past that line is something that Your Honor probably never did and that is say I'm going to punish you because you didn't cooperate with the government because we know cooperation is dangerous. But he did get acceptance and responsibility, which I find extraordinary under these circumstances. It was an agreement by the government and we're pleased that they honored that and that was I think the reason we had to come in for a second part of the sentencing hearing. The government, to their credit, has honored that the whole way through and it's something that the judge could have decided against, but he didn't. And could revisit now. He could. To follow up on Judge Easterbrook's point, given Mr. Najjar's contesting now the restitution that he used as a mitigating factor and some of these other points could cause a judge to revisit a lot here. Judge much needs to be revisited, but restitution, my client, we've said it in the briefs, I'm saying it again, is agreeing to pay the restitution. So the things that we're mitigating remain mitigating. We're just asking that the right legal principles for imposing restitution be applied here because that's what the law requires. We're not asking anybody to fail to take notice of any important fact for good or for ill in this case. We're just asking that this case goes back to be resentenced because of some of the errors. This is one of them, but restitution, my client is going to pay that as much as he can with all the earning potential that a recently released convict in his 70s will have, he will come out and make his best efforts. And for all the wisdom of imposing somebody for a lengthy period of time in the nadir of their years, again, he will do his best. But there are other errors that need to be accounted for. And so I'd like to turn to the last of them, and that is the imposition of the fine. The judge made no record about why the fine should be imposed, didn't consider the eight simply imposed a $5,000 fine on an indigent elderly man who will be coming out of prison with fewer assets than when he entered. We think that that is error. And so for that reason and all of the others, we ask this court to remand for a resentencing hearing. Thank you. Thank you, Mr. Hillis. Mr. King. Good morning. If it please the court. The court did not clearly err in applying the substantial sophisticated means enhancement. It applies where a defendant takes steps sufficient to make the detection of the offense more difficult or displays an additional level of concealment beyond that in the usual tax case. Counsel has it wrong in the facts. In the lower court, the defendant denied ownership of the particular accounts and argued to the district court that the enhancement did not apply because there was no proof the account was in his name. In fact, he asserted it was not in his name. On appeal, he is suggesting that there's no concealment because it was in his name. The record does not bear that out. The court got this right. The district court found that in an effort to evade detection, the defendant moved his operations offshore only after the Internal Revenue Service discovered one of his large bettors was issuing checks to cash that was cleared through a particular currency exchange in Chicago. The IRS contacted that particular bettor in the effort to find out who he was issuing the checks to. The bettor notified the defendant, ceased betting with that particular bettor. About nine months later, the defendant re-approached that bettor, suggested that he had moved his operations offshore, and now he should issue checks to odds escrow. In a period of two years, that particular bettor issued $6 million worth of checks. That is $6 million? Yes, Your Honor. It was an Indiana resident, yes, Your Honor. Wow. And those six checks bore the endorsement on the back of these three separate entities in Curacao, in the Dutch Antilles. The court, as it found, said that this wasn't the beginning step. In the beginning, the defendant sought to have checks issued to cash or to cash itself. The checks issued to cash were in amounts less than $10,000. It was taken to a currency exchange and negotiated in that fashion. After discovery of the individual large bettor in Indiana, the defendant still managed to take smaller bettors' cash, for which there'd be no record, and smaller bettors' checks written to cash, which he deposited into one of two accounts. As the court noted, people underreport their taxes all the time, but few take the extra step to involve offshore accounts. And it's this evolution or transition in response to the discovery that's key to showing that it was a deliberate step to make the detection more difficult. Counsel, at the risk of sounding naive, can you explain to me what an offshore escrow service is in this kind of betting operation? The record doesn't describe it, but there are offshore accounts in which individuals or entities can set up accounts which are concealed from the United States government, in which they can place wagers, maintain winning funds, place them to bet again. The bettor does that, or the bookie does that? Both can do it. In this case, the large particular bettor that we were talking about, he only knew the defendant. The defendant went to Indiana, collected checks made payable to odds escrow, and then from there, the bettor received the checks back after they were cashed. Is that bettor's name in the record? I'm sorry? No, it's not, Your Honor. It's the bettor's name in the record? It was, I believe, D.B. in the record. It was his initials. Moving on to the restitution, counsel's got it wrong. The restitution was not ordered pursuant to 3663 large A. As the record is clear, the court was authorized under 3663 small A, subsection 3, in which the parties agreed to expressly make restitution. The defendant affirmed that this was a voluntary payment of restitution because he entered a plea twice, and in both pleas, he affirmed when the government stated payment was being voluntarily made, he agreed to voluntarily make restitution. He affirmed that as he was under oath at the time. The defendant cited his willingness to pay voluntary restitution, which is permissible under 3663A.3, as an effort in mitigation. The court did not address the specific statute, whether it was big A or small A, in imposing its sentence. And the defendant says now he still agrees to pay. And the judgment and commitment order did not specify which section it was under. And 3664 small I provides him no relief. That's just a statute which provides a procedure for the priority of payment. In this case, both the state was owed taxes and the federal government, and that's what 3664I addressed. The judgment and commitment order did not address whether it was big A or small A. The only place that it is mentioned in error was in the pre-sentence report, and it didn't come to anyone's attention. Everyone in the plea agreement, the elocution, everywhere else, it's all talked about as voluntary restitution, and it couldn't be clearer in the plea agreement, it was subject to A.3. That being said, the defendant's agreement to pay, the district court's order was therefore permissible. If we move on to the silence. The defendant was not punished in this case for silence. He was requesting an extraordinary benefit. He was denied the extraordinary relief that he requested, but that's not the same as punishment. In this case, he requested a sentence of time served or probation, which was significantly below the applicable guideline range. He asked for a lot. In response for what he asked for, the court was entitled to question the representations made in support of that request, that he was an old, broken man, that he could barely support himself in the 14 years that he was a fugitive, that he was an itinerant salesman, that he was a mere small middleman with no real connection, but more importantly, now he had seen the light and was going to do all he could to remedy his wrongs. Those proffered circumstances were invited questions by the court. Who supported you? How did you do this? How did you move? How did you travel extensively? The defendant never asserted it as a Fifth Amendment right to alert the court that he would somehow feel that he was not able to say. In fact, what he was telling the court is, I lived legally when I was 14 years a fugitive, and I had a lawful business when I was there, but I'm just not going to tell you about it. He denied that he had any interest in the accounts, that the accounts belonged to someone else where this enormous amount of money went, but he refused to tell them who. With respect to the fine, the court didn't plainly err here. They gave him a below guidelines fine. The court is directed to impose a fine unless the defendant establishes that he cannot pay, and this he did not do. The court was not required to make an express finding unless it was inconsistent with the pre-sentence report, and this, it was not inconsistent. The defendant in this case admitted that he had more money, that he had $7,000 to $8,000 in accounts in Lebanon at the time of the sentencing. The pre-sentence report identified it as such, that the accounts existed. The guideline range was $7,500 to $75,000. The defendant did not object to the imposition of sentence, even when he came back and had a chance to reopen the sentencing hearing. It was the defendant's burden to show that he didn't have the means to do so, and this he did not do. The court was entitled to rely upon the pre-sentence report's representation of his assets in the offshore accounts and the defendant's assets. Mr. King, given the government's agreement that there's a problem with the supervised release portion of the sentence, what scope of remand do you think is necessary here? I think it should be a limited remand, Your Honor, for a couple of remands. There's no real factual findings necessary. Judicial resources, it's an error here that is limited to the term of supervised release. An unbundling for this type of error just is unnecessary. Would it be reasonable for us simply to modify the judgment ourselves? I think you can. The text of Rule 36 suggests that, or other error, I believe you can. That would be the most efficient way to do it, and we think that that would also be appropriate. If there's no further questions, thank you. Thank you, Mr. King. Anything further, Mr. Hillis? Yes, since standards of review are often determinative of outcomes, I'd like to note for the court that the government is wrong when it suggests that clear error is to be applied as a legal standard as opposed to just factual determinations by the district court. I don't know of any guideline enhancement when it's subject to review once it's been objected to that isn't subject to de novo review, and such is the case here. The government provided more details about the offshore escrow account, but something that caught my ear is that it said the identity of the individual can be concealed. I think it needs to provide more information to the district court so that the district facts to impose the enhancement have been established. The additional details that were provided here I don't think are reflected in the record for the district court to have relied upon to make a decision on that, and of course it is the government's burden to have supplied those facts, and it didn't. The PSR paragraph 5, that wasn't objected to by the government. It had the opportunity to object. The judge relied on the PSR, and the PSR referred to 3663A. I think that shows the district court erred in imposing restitution under 3663A. Lastly, I was misspeaking earlier referring to 3663C. I meant 3663 lowercase a3, and that's in the PSR at page 6, right? And we have inconsistencies in the PSR, and if it's going to go back potentially, and I don't think that rule 36 gets us to where we need to be because this is beyond the scope of rule 36, this is something that there should be a full resentencing for, and the government can present its evidence, my client can present his, and the proper determinations can be made in light of the necessary evidence that is not in the record. Finally, indigency establishes inability to pay. There's no doubt my client is indigent, and he has a judgment that's about 1.1 million So why does he care? I'm always puzzled when a defendant comes in and says, I'm indigent, I can't pay anything, therefore, please change the amount of restitution and the fine. Well, the only reason to make an argument about restitution and the fine is that the person is not indigent. Otherwise, it's a total waste of breath. I disagree, Your Honor. If the law doesn't allow it, it shouldn't be imposed. That's the case here. The necessary... You're in favor of waste of breath, even though they have no effect on anything. I'm in favor of appropriate, proper application of the law, which wasn't done here. My client didn't need to object. Thank you. The case is taken under advisement. Our next case...